UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRENDON ANDERSON,

        Petitioner,
  v.

S. RACETTE,                              9:14-CV-0734
                                                 (GLS)

        Respondent.
_____

APPEARANCES:                           OF COUNSEL:

BRENDON ANDERSON
11-A-1817
Petitioner, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

GARY L. SHARPE
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      Petitioner Brendon Anderson filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254, and a certified application to proceed in forma pauperis. Dkt. No. 1, Petition

("Pet."); Dkt. No. 2, IFP Application. For the reasons that follow, petitioner's IFP application is

granted for the limited purpose of filing the petition, and this action is dismissed without

prejudice.

**II.    THE PETITION**

      Petitioner challenges a 2011 judgment of conviction in Albany County Supreme Court

of first degree criminal possession of a controlled substance and related charges. Pet. at 1.[1]
He states that he filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") §440.10, and that his motion was denied on August 15, 2011. Pet. at 3. Petitioner's appeal from the denial of his section 440.10 motion was consolidated with his direct appeal. *Id.* He states that on March 7, 2013, the Appellate Division affirmed his conviction and the denial of his section 440.10 motion, and on July 9, 2013, the New York Court of Appeals denied leave to further appeal. *Id.* at 2-3.

Petitioner raises the following grounds for habeas relief: the trial court erroneously denied his motion to suppress evidence obtained as a result of a search incident to arrest because the police lacked probable cause to arrest him (Ground One); the trial court erroneously denied his motion to suppress evidence obtained from a strip search and a search of petitioner's car because police did not obtain a warrant and no exception to the warrant requirement existed (Ground Two); counsel was ineffective (Grounds Three, Six and Seven); his sentence should be "revised downwards in the interest of justice;" (Ground Four); and the trial court abused its discretion by denying petitioner's section 440.10 motion (Ground Five). Pet. at 4-10. For a complete statement of petitioner's claims, reference is made to the petition.

III.  **DISCUSSION**

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the

---

[1] The cited page numbers refer to the electronically generated numbers appearing at the top right-hand corner of each page.

rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(I), (ii).  The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition.  Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted); *Fama v. Comm'r. of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000).  Finally, the petitioner must have used the proper procedural vehicle so that the state court may pass on the merits of petitioner's claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167 at *5 (N.D.N.Y. Oct. 10, 2007).

In this case, it appears that petitioner's grounds for federal habeas relief were raised on direct appeal or in his section 440.10 motion and have been exhausted. *See* Pet. at 2-10. Petitioner states, however, that he "has not exhausted all of his state remedies at this time," and that he is "currently working on obtaining evidence/information pertaining to issues that he wishes to argue on a collateral attack[.]" *Id.* at 3.  He asks this court to "hold this petition in abeyance until his State remedies are exhausted." *Id.*

Petitioner's request to stay this action is denied.  When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings

pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Supreme Court has instructed, however, that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," stays should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 275, 277.

Here, a stay is inappropriate. The petition does not appear to be "mixed" because, as noted, the grounds raised in the petition appear to have been presented to the state courts. Additionally, petitioner states that he intends to pursue further state court remedies and is in the process of gathering information to do so, but he has not stated what claim(s) he intends to pursue in state court. He also has not alleged any facts that would support a finding of good cause for failing to present all of his claims to the appropriate state courts prior to filing this petition. *Rhines*, 544 U.S. at 277. Petitioner's pro se status is insufficient to establish good cause. *Craft v. Kirkpatrick,* No. 6:10-CV-6049, 2011 WL 2622402 at *10 (W.D.N.Y. Jul. 5, 2011); *Fink v. Bennett*, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007); *Stephanski v. Superintendent, Upstate Corr. Fac*., 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006). This court also agrees that federal courts should not

> be turned into a "jurisdictional parking lot" for unexhausted claims. *Baity v. McCary*, No. 02 Civ. 1817, 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002) (internal citations omitted). Such a holding would undermine the spirit of the Supreme Court's holdings in both *Coleman* and *Duncan*, which encourage habeas petitioners to exhaust their claims before coming to federal court. *Id.* at *1.

*Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004). Based on the foregoing, this petition is premature and will be dismissed without prejudice.

Petitioner will not be unduly prejudiced by dismissal of this action. Based upon the information in the petition, the timeliness of any subsequent habeas petition under the AEDPA appears not to be a concern in this case.[2] 28 U.S.C. §2244(d); *see Foster v. Spitzer*, No. 9:07-CV-0103 (LEK/DRH), 2007 WL 1531904 at *2 (N.D.N.Y. May 24, 2007) ("[b]ased upon the information set forth [in his petition], it appears that Petitioner will have ample opportunity to timely file a § 2254 habeas Petition setting forth his claims once he has exhausted his State court remedies."). Additionally, if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

In sum, petitioner's IFP Application is granted for the limited purpose of filing this petition, and the petition is dismissed without prejudice to re-filing one complete petition once petitioner has pursued and exhausted all the claims he wants to raise. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to

---

[2] Under the AEDPA, federal habeas petitions challenging a judgment of a state court are subject to a one-year statute of limitations. The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period so long as the applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548; *Monroe v. Rock*, No. 6:09-CV-6366, 2011 WL 1792926 at *2 (W.D.N.Y. May 10, 2011).

him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted); *Foster,* 2007 WL 1531904 at 1-2 (habeas petition dismissed where petitioner was in the "preliminary stages of the appellate process" and had not yet completed state appellate review of his claims).

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's IFP Application, Dkt. No. 2, is **GRANTED** for the limited purpose of filing this petition; and it is further

**ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED**, that no certificate of appealability shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: July 11, 2014
         Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court